**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

NASREEN ZAIDI,                                              No. 98-1853
<u>Claimant-Appellant,</u>

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: December 29, 1998

Decided: February 8, 1999

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nasreen Zaidi, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nasreen Zaidi appeals the district court's order denying her motion for relief from a release she signed in connection with her Dalkon Shield claim. Finding no error, we affirm.

Zaidi elected to resolve her claim under Option 1 of the Claims Resolution Facility (CRF). Under Option 1, Zaidi was entitled to compensation of $725. She accepted this payment as "full settlement and as valuable consideration for the release of all claims . . . arising out of the use of the Dalkon Shield." On the face of the $725 check that the Trust issued to Zaidi and that she cashed was written, "Settlement of Dalkon Shield Claim." On the back of the check above the claimant endorsement signature line was an additional release: "I have read and executed the release agreement regarding my Dalkon Shield claim and hereby accept this payment in full and final settlement of my Dalkon Shield claim and in accordance with the terms of such release."

Despite her release, Zaidi filed a motion seeking an additional $25,275 in compensation. She gave no reasons for her demand. The district court denied the motion. Zaidi appeals.

"The law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into." Hemstreet v. Spiegel, Inc., 851 F.2d 348, 350 (Fed. Cir. 1988). The parties may not repudiate a valid agreement once it is reached. See id. Because settlement agreements are considered contracts, see United States v. ITT Continental Baking Co., 420 U.S. 223, 238 (1975), and contract construction is a question of law, we review the district court's order de novo. See Nehi Bottling Co. v. All-American Bottling Corp. , 8 F.3d 157, 162 (4th Cir. 1993).

Here, Zaidi agreed to settle her claim for $725. As part of the settlement, she signed a release stating unambiguously that she was releasing her claim against the Dalkon Shield Claimants Trust. There was no coercion or material misrepresentation by the Trust. The release was valid and binding and supported by adequate consideration. We therefore affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3